UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RALPH E. UMPHREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 1:15-CV-276-HSM-SKL |
| v. | ) |
| | ) |
| PINERIDGE TREATMENT CENTER, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the Court is an application to proceed *in forma pauperis* [Doc. 2] filed by pro se Plaintiff Ralph E. Umphrey. This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b), 28 U.S.C. § 1915, and the rules of this Court.

Plaintiff has submitted a complaint [Doc. 1], alleging that he was "roboticised" in October 2006 while an inpatient at Pineridge Treatment Center ("Defendant"); that Defendant "knew it was going to happen"; that Defendant "knew the people that communicated with [Plaintiff] from 2008 thru 2015"; that Plaintiff "never signed [sic] to be roboticised in which they use computer chips and devices including tellecominication [sic] device, cybors [sic] device"; and that Defendant knew the federal government was involved [Doc. 1 at Page ID # 2]. Plaintiff alleges that he had an x-ray of his skull in August 2015 to prove that he was "roboticised" [*id.*]. Plaintiff seeks $777,000.00 in damages [*id.* at Page ID # 3].

The applicable statute, 28 U.S.C. § 1915, allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit when the litigant shows by affidavit that he is unable to pay court costs and fees. 28 U.S.C. § 1915(a); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir.

1990). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), however, a district court may dismiss a complaint if it is frivolous or fails to state a claim upon which relief can be granted. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A claim may be dismissed as frivolous if it is based on a meritless legal theory or if its factual contentions are clearly baseless. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (explaining that a judge reviewing a pauper's complaint has "the unusual power to pierce the veil of the complaint's factual allegations" and to disregard "fantastic or delusional" assertions). I **CONCLUDE** that Plaintiff has failed to state a colorable, justiciable claim, and I therefore do not reach the merits of his pauper's application.

Plaintiff's complaint fails to state a claim on which relief can be granted. The Court finds, in light of "judicial experience and common sense," that Plaintiff has not alleged a "plausible" factual basis for relief. *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629-30 (6th Cir. 2009) (*citing Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). Instead, Plaintiff's allegations smack of the "fantastic." *See Hill*, 630 F.3d at 471.

Accordingly, I **RECOMMEND** that this action be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B).[1]

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).